IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT GARRETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CIVIL ACTION NO. 1:10cv23-WHA |
| ) | |
| NELSON AND AFFILIATES, LLC, et al., ) | |
| ) | (wo) |
| Defendants. ) | |
| -------------------------------------------------- ) | |
| JCI GENERAL CONTRACTORS, et al., ) | |
| ) | |
| Third-Party Plaintiffs ) | |
| v. ) | |
| ) | |
| CIRCLE CITY GLASS, INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment (Doc. #36), filed by Third Party Plaintiffs JCI General Contractors, Inc., All State Construction, Inc., and Chris Plummer on November 5, 2010.

JCI General Contractors, Inc. ("JCI"); All State Construction, Inc. ("All State"); and Chris Plummer ("Plummer") filed a Third Party Complaint against Circle City Glass, Inc. ("Circle City") in this case, which was initially brought by Robert Garrett and Sonya Garrett against Nelson and Affiliates, LLC; All State; JCI; and Plummer.

JCI, All State, and Plummer have moved for summary judgment seeking indemnity and contract damages against Third Party Defendant Circle City Glass.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED as to the indemnity claim, but DENIED as to any claim which might be based on a separate breach of contract theory.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and   . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56 (c)(1)(A),(B).  Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

The facts of this case arise from an accident involving Robert Garrett ("Garrett").  Garrett was an employee of Circle City.  Circle City was a subcontractor on a Bainbridge High School project in Georgia.  Garrett has alleged in this case that JCI, All State, and Plummer are liable to him for injuries suffered on February 27, 2009, during performance of his work at the Bainbridge High School project.

Circle City had entered into a construction subcontract ("the Subcontract") on July 10, 2007, with "Allstate/JCI, a Joint Venture."  Plummer was the site superintendent for the project.

The Subcontract contains an Article regarding insurance which requires the subcontractor to acquire Comprehensive or Commercial General Liability Insurance on an occurrence basis, and name the contractor as an additional insured on that policy.  MSJ, Ex. #2, Article 11.1.  The Subcontract insurance provision further states that the subcontractor's insurance "shall include commercial liability insurance covering the Subcontractor's obligations under this Subcontract." *Id.*

The Subcontract also contains an indemnity agreement which provides as follows:

> 12.1 **Indemnification**. To the fullest extent permitted by law, the Subcontractor shall fully indemnify, defend, and hold harmless the Owner, Contractor, Architect, Architect's consultants and agents, and all employees and agents of any of them, from and against any and all suits, claims, actions, judgments, damages, losses, and expenses (including but not limited to attorney's fees and litigation expenses) arising directly or indirectly out of, or in connection with, the obligations herein undertaken, or resulting out of, or in connection with, operations performed by or conducted by (or in the work area of) the Subcontractor, the Subcontractor's subcontractors, anyone directly or indirectly employed by them, or anyone for whose acts and omissions they may be liable provided that such claim, loss, damage, or expense is attributable to bodily injury, sickness, disease or death to third parties and employees of the contractor, subcontractor, or anyone directly or indirectly employed by them or anyone for whose acts they may be liable.  To the fullest extent permitted by law, all of Subcontractor's indemnity obligations agreed to herein shall be binding on Subcontractor without regard to whether such claim, damage, loss or expense is caused in whole or in part by a party indemnified hereunder.  Such obligations shall negate, abridge or otherwise reduce other rights or obligations of indemnity or agreements to procure insurance which otherwise exist as to a party or person described in this paragraph.  *Subcontractor will purchase the insurance required elsewhere in this Subcontract and name* Owner, *Contractor*, and Architect as additional insureds on a primary and non-contributory basis over any other liability insurance which may be available to the Owner, Contractor, and the Architect *to fully insure the indemnity obligations made herein and in any other portion of this Subcontract.*

*Id*. at Article 12.1 (emphasis added).

At the time of the injury to Garrett, Circle City was insured under a business liability policy issued by Pennsylvania National Mutual Casualty Insurance Co. ("Penn National"), which covered occurrences from June 14, 2008 to June 14, 2009. In a Memorandum Opinion and Order filed in a separate declaratory judgment action brought by Penn National, this court granted a Motion for Summary Judgment in favor of Penn National, and declared that it had no duty to provide a defense to JCI, All State, and Plummer in the instant case, because JCI, All State, and Plummer were not "insureds" under the Circle City policy.  *See Penn National v. Allstate*

*Construction, et al.*, 1:10cv528-WHA.  This finding was based on the undisputed fact that JCI, All State, and Plummer were not endorsed by Penn National as additional insureds.

In the Third Party Complaint, JCI, All State, and Plummer  ("JCI/All State")[1] have requested a judgment that Circle City is required by the Subcontract to indemnify JCI, All State, and Plummer, in the event that Robert and Sonya Garrett receive a judgment in their favor against them.

## IV. DISCUSSION

JCI/All State now contend that they have asserted two claims under the Subcontract with Circle City, and move for summary judgment in their favor as to both a claim for indemnity and a claim for breach of contract.  Circle City contends that only a claim for indemnity was asserted in the Third Party Complaint, and argues that JCI/All State are not entitled to summary judgment on any claim.

### 1. Claim for Indemnity

JCI/All State seek to enforce the indemnity provision in Article 12.1 of the Subcontract. Circle City argues that the indemnity agreement is unenforceable under Georgia law.

The parties are in agreement that Georgia law governs this claim.  There is also no dispute that generally agreements which require a party to a construction contract to indemnify the other party to the contract for damage resulting from the sole negligence of the indemnitee are unenforceable under Georgia statutory law.  *See* Ga. Code Ann. § 13-8-2(b).  There is, however, an exception to the Georgia unenforceability statute, well established by a line of cases

---

[1] Rather than refer to all three of the Third Party Plaintiffs in this Memorandum Opinion as those parties do in their briefs,  to avoid confusion, the court adopts the reference, "JCI/All State" used by the Third Party Defendant in its brief.

by the Court of Appeals of Georgia, which JCI/All State contend applies in this case. The exception applies if the contract "clearly and unambiguously show(s) that the parties intended coverage by insurance, *not* ultimately indemnification of the 'indemnitee'/owner against its own negligence towards the employees of 'indemnitor'/general and of the subcontractors." *McAbee Constr. Co. v. Georgia Kraft Co.*, 343 S.E.2d 513, 515 (Ga. App. 1986) (emphasis in original). In other words, "where an insurance clause shifts the risk of loss to the insurance company, regardless of which party is at fault, an indemnification provision is not made void by OCGA § 13-8-2(b)." *ESI, Inc. of Tenn. v. Westpoint Stevens, Inc.*, 562 S.E.2d 198, 199-200 (Ga. App. 2002) (citing *McAbee Constr. Co.*).

In the instant case, as set out above, the indemnity agreement between Circle City and JCI/All State provides in part as follows:

> Subcontractor will purchase the insurance required elsewhere in this Subcontract and name Owner, Contractor, and Architect as additional insureds on a primary and non-contributory basis over any other liability insurance which may be available to the Owner, Contractor, and the Architect to fully insure the indemnity obligations made herein and in any other portion of this Subcontract.

MSJ, Ex. #2, Article 12.1. The reference to the requirement of insurance "elsewhere in this Subcontract" is a reference to Article 11.1 of the Subcontract, also earlier set out, which requires Circle City to purchase insurance; to name the contractor, All State and JCI as a Joint Venture, as an additional insured; and to obtain insurance which covers the subcontractor's obligations under the Subcontract. *Id.* at Article 11.1.

Circle City contends that the exception to the unenforceability of certain indemnity agreements under Georgia law does not apply in this case because the language of the Subcontract is distinguishable from the language of contracts discussed in *McAbee Constr. Co.*

and *ESI, Inc.* Circle City points out that the contracts in *McAbee Constr. Co.* and *ESI, Inc.* included language which required the indemnity agreement to be referenced in the insurance contract. Circle City states that there is no requirement in the Subcontract at issue in this case that the procured insurance specifically reference and include the language from the indemnity provision of the Subcontract.

It appears to the court that Circle City too narrowly reads the holdings of the Court of Appeals of Georgia. While the contractual language in the Georgia cases pointed to by Circle City was clearly sufficient to enforce the indemnity provisions in those cases, the Georgia court did not hold that specific contractual language was necessary to apply the exception to statutory unenforceability. Instead of relying on particular contractual language to enforce indemnity agreements, Georgia courts require that, when the provisions of the contract which require indemnity and insurance are construed together, the provisions "show that the parties intended coverage by insurance." *ESI, Inc.*, 562 S.E.2d at 199-200; *see also McAbee Constr. Co.*, 343 S.E. 2d at 498 (stating that the contracts "clearly and unambiguously show that the parties intended coverage by insurance . . . ."). In fact, *ESI, Inc.* rejected the contention that under *McAbee Constr. Co.* recovery was allowed only where in the contract the indemnitor has agreed to obtain insurance naming the indemnitee as an insured, which Circle City actually agreed to do in this case. It is the clear and unambiguous intent of the parties that controls, not any specific language.

And, the intent of the parties to have the indemnitee covered by insurance, expressed in the contract, is controlling even if the indemnitor fails to secure the required insurance, as happened here. The case of *World Championship Wrestling, Inc. v. City of Macon*, 493 S.E.2d

629, 630 (Ga. App. 1997), enforcing an indemnity agreement, even though the lessee/indemnitor failed to procure the required insurance, where the indemnity provision in the lease only required the procurement of insurance naming lessor as insured, is directly in point.  The court held that Ga. Code Ann. § 13-8-2(b) did not apply, and required indemnity directly from the party which agreed to indemnify with insurance, but failed to get the insurance.  *Id.* Thus, the loss was placed on the party that agreed, and then defaulted, and not on the party which innocently relied on the agreement.  *Id.*

Construing together the indemnity provision and the requirement of insurance in the Subcontract, which is referenced in the indemnity provision at issue in this case, the court concludes that the Subcontract clearly and unambiguously shows that the parties intended coverage of the indemnity agreement by insurance.   Therefore, the indemnity agreement is enforceable under Georgia law, and summary judgment is due to be GRANTED as to JCI/ All State's indemnity claim.

2.  Breach of Contract

In addition the contractual indemnity claim, JCI/All State has also moved for summary judgment on a breach of contract claim, contending that by failing to procure insurance to cover its indemnification responsibility, Circle City breached Article 11 of its Subcontract, as well as Article 12.1.  Circle City contends that the Third Party Complaint in this case asserts a single claim for indemnity pursuant to Article 12.1 of the Subcontract, and that JCI/All State cannot now move for summary judgment on a theory that Circle City breached Article 11.1, citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

The court agrees that the Third Party Complaint contains only an indemnity claim based on Article 12, and on that theory seeks judgment against Circle City for a like amount as any judgment which might be obtained by the Garretts against them in this action, plus attorneys fees and costs.[2]  So, although it may make no practical difference, the Motion for Summary Judment is due to be DENIED to the extent that it seeks judgment on a non-existent claim for breach of contract.

## V. CONCLUSION

There are no disputed issues of fact in this case.   The clear and unambiguous language of the construction Subcontract between JCI/All State requires Circle City to indemnify JCI/All State for injuries and damages resulting from performance of the Subcontract, even if caused in whole or in part by JCI/All State, and requires Circle City to obtain insurance to cover the indemnity obligations of the Subcontract.   Circle City's failure to obtain such insurance renders Circle City itself liable to indemnify JCI/ All State.  Accordingly, for the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion for Summary Judgment (Doc. #36) is DENIED to the extent that it seeks judgment on a non-existent claim for breach of contract.

2.  The Motion for Summary Judgment (Doc. #36) is GRANTED and judgment is entered in favor of  JCI General Contractors; All State Construction, Inc.; and Chris Plummer and against Circle City Glass, Inc. on the indemnify claim in the Third Party Complaint, based

---

[2] By separate Order the court has denied JCI/All States' Motion to Amend Third Party Complaint, filed on January 19, 2011, seeking to add a breach of contract claim, as untimely. The deadline set by the Scheduling Order for moving to amend pleadings by the Defendants was December 1, 2010.

on Article 12.1 of the Subcontract.  Circle City is ORDERED to indemnify JCI/ All State for any judgment rendered against them in this case, together with attorneys' fees and costs of defense.

Done this 25th day of January, 2011.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE